CARROLL, Judge
(dissenting).
I respectfully dissent. The chancellor’s decision to double the amount fixed by the separation agreement for child support appears unjustified on the record. The husband’s financial condition was shown to be worse rather than improved. The needs for the children as listed by the wife included excesses and extravagances.
Under the 1955 separation agreement, the wife and children were allowed to live in the family home until it was sold, and she received the proceeds from its sale, which occurred after some months. The agreed support for the two minor children was to be $75 a week for five years from date of sale of the house, after which the wife was to receive $50 a week. There was a provision that if at the time that reduction was to take place she should be unemployed because of some physical or nervous disability, the reduction would not occur. That contingency did not come about. The wife expressly waived “all demands for any future increase support for the children,” and agreed that so long as the husband was not in default she would not file an action for support. The inclusion of those clauses in the agreement would appear reasonable in view of the fact that provision was made for a substantial trust fund to secure child support and of which the income could be applied, as needed, for child support over and above the agreed weekly payments.
The wife filed her suit for an increase just as the five year period ended, and when it was time for reduction of the payments from $75 to $50 per week. From that circumstance it could be implied that her petition was spawned in expediency rather than need.
If the children require more than the stipulated weekly support payments it would appear that the excess should be paid by the trustee from the trust, and not by a court order for the husband to pay more.
The separation agreement made provision for income from the trust to be available to supplement the stipulated child support payments, if necessary, as follows:
“c. One-half of any net income received from the trust fund shall be set apart for the children to be paid to them when they arrive at the age of 21, or to be used prior thereto for their support or education in the discretion of the Trustee and the remaining income *4 from the trust fund to be paid to the Husband.” [Italics supplied.]
The trust indenture, made by the husband pursuant to the terms of the separation agreement, expressly so provided, viz:
“4. Trust of the Income Accruing From Trust Investments
“ * * * As to the remaining one-half of such income, one-half thereof shall remain in trust for each child to be known as the trust of accumulated income, as distinguished from the trust of principal as herein designated. Such income shall be properly reinvested by the Trustee in legal or non-legal trust funds and the accumulated income shall be held for the benefit of the children as follows:
“a. If at any time said income is needed for the support, maintenance and education of the children, the Trustee shall have the right to expend such amounts as it deems necessary.”